UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD CHARLES YOUNG,<br><br>Defendant. | 3:19-CR-30106-RAL<br><br><br>OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE |

On June 23, 2021, Defendant Richard Charles Young filed a pro se Motion to Correct Sentence. Doc. 70. The facts and procedural history of this case are as follows.

On December 11, 2019, Young was arrested on a warrant based for conspiracy to distribute a controlled substance. Doc. 8. His initial appearance was held on December 12, 2019. Doc. 9. He pleaded not guilty and was released on bond on December 13, 2019. Doc. 9; Doc. 19. The terms of Young's bond included abstention from drug and alcohol use, regular drug testing, home confinement between 9 p.m. and 7 a.m., and restriction of travel outside of the South Dakota. Doc. 19 at 2-3; Doc. 70 at 2.

On March 22, 2021, a warrant was issued for Young's arrest due to violations of his bond conditions. Doc. 45; Doc. 46. Two days later, Young signed a plea agreement, and his sentencing hearing was scheduled for June 7, 2021. Doc. 48; Doc. 51; Doc. 59. From March 22, 2021, until June 7, 2021, Young was held in local county jail. Doc. 69; Doc. 70 at 1. He was sentenced to 60 months of incarceration on June 7, 2021. Doc. 69; Doc. 70 at 1.

1

Young requests credit for the 460 days between December 18, 2019, and March 22, 2021, that he was released on bond pursuant to 18 U.S.C. § 3585(b). Doc. 70 at 2. Young argues that he "was not 'free'" during this time because of the restrictive conditions of his bond. Doc. 70 at 2. Young also requests credit for 76 days served between March 22, 2021, when he was arrested and detained in federal custody, and June 7, 2021, when he was sentenced. Doc. 70 at 3.

18 U.S.C. § 3585(b) "Credit for prior custody" states:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
**(1)** as a result of the offense for which the sentence was imposed; or
**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

The Bureau of Prisons (BOP), not the courts, provides credit for time served under § 3585(b). United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Harris, 318 F. App'x 444, 446 (8th Cir. 2009); United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006). "A district court cannot apply section 3585(b) when sentencing, because computing 'the credit must occur after the defendant begins his sentence.'" Pardue, 363 F.3d at 699 (quoting United States v. Wilson, 503 U.S. 329, 333(1992)). "Prisoners are entitled to administrative review of the computation of their credits, . . . and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition . . . ." Tindall, 455 F.3d at 888.

Young's claim fails because he has not alleged or shown that he has exhausted administrative remedies. Additionally, he cannot receive credit for time served for the 460 days that he was released on bond because "house arrest imposed as a condition of pre-trial release is not 'official detention' within the meaning of [18 U.S.C.] § 3585(b)." Harris, 318 F. App'x at 446; see also United States v. Wickman, 955 F.2d 592, 593 (8th Cir. 1992). Therefore, it is

2

ORDERED that Defendant's Motion to Correct Sentence, Doc. 70, is denied.

DATED this 24th day of September, 2021.

                                     BY THE COURT:

                                     ROBERTO A. LANGE
                                     CHIEF JUDGE